UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY HEDLER,

    Plaintiff,

v.                                                                    CASE No. 8:11-CV-1909-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

---

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.* Because the decision of the Commissioner of Social Security is supported by substantial evidence and the plaintiff has not shown any reversible error, the decision will be affirmed.

I.

The plaintiff, who was thirty-nine years old at the time of the administrative hearing and who has a high school education, has worked as

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

a customer service (printing) representative, a print shop manager, and an accounting clerk (Tr. 38, 64). She filed claims for Social Security disability benefits and supplemental security income payments, alleging she became disabled due to "[s]pinal cord damage resulting in no use of [her] right hand" (Tr. 171). Her claims were denied initially and upon reconsideration.

At her request, the plaintiff then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "post-cervical-spine laminectomy condition with residual post-operative changes resulting in weakness in her right non-dominant hand and decreased strength of the fourth and fifth fingers of her right hand" (Tr. 21). He concluded that, with these impairments, the plaintiff has the residual functional capacity to perform a wide range of sedentary work with the following restrictions (Tr. 23):

> [S]he can sit 6 hours and stand/walk 2 hours total in an 8-hour workday. The claimant can lift/carry and push/pull no more than 10 pounds at a time and occasionally lift or carry articles such as docket files, ledgers, and small tools. She can balance, kneel, stoop, crouch, crawl, and climb ramps and stairs occasionally. She should avoid all work involving ladders, scaffolds, ropes, or at unprotected heights. She should avoid all work involving extreme temperatures or extremely

> vibrating machinery involving the upper extremities. She is limited to occasional overhead work with the right upper extremities. She is limited to frequent fine and gross manipulations with her right non-dominant hand, and no rising of her right arm above shoulder level from the side, although she can raise it from the front above the head level on occasion.

The law judge, based upon testimony from a vocational expert, determined that, despite these limitations, the plaintiff could return to her past work as an accounting clerk as that job is generally performed (Tr. 29-30). Accordingly, the law judge ruled that the plaintiff was not disabled (Tr. 30). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520, 416.920. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c), 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a), 416.921(a). If

a claimant's impairments are not severe, then the claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c), 416.920(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f), 416.920(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in significant numbers in the national economy. 20 C.F.R. 404.1520(g), 416.920(g).

III.

The plaintiff challenges the law judge's decision on three grounds: (1) the law judge did not fully and adequately consider all of the plaintiff's impairments, (2) he engaged in "sit and squirm" jurisprudence, and (3) he disregarded valid testimony of the vocational expert (Doc. 22, p. 2). These contentions do not demonstrate reversible error.

The plaintiff contends that the law judge failed to make adequate findings regarding the impairments in her left hand, limitations of motion of the neck, and headaches (id., pp. 6-12).

With respect to this issue, the plaintiff asserts that "[t]here is no finding on the limitations to the use of the left hand at the second step of the sequential evaluation, nor any mention of such limitation in the finding of residual functional capacity" (id., p. 7). This assertion is unpersuasive for several reasons.

The plaintiff's primary complaint concerns a neck impairment following a cervical spine laminectomy which resulted in weakness in her right non-dominant hand. And, appropriately, the law judge found that those problems were severe impairments. In contrast, the record contains only a few references to problems with the left arm and hand. Notably, the plaintiff in her memorandum does not cite to any evidence in the administrative record regarding this condition other than the plaintiff's testimony at the administrative hearing (see id.). Similarly, there was no mention of a left arm or hand problem in either the plaintiff's pre-hearing memorandum (Tr. 222) or her statement to the Appeals Council of her Reason for Disagreement with the Determination of the Administrative Law Judge (Tr. 234).

The plaintiff simply testified that the last two fingers on her left hand have numbness; that she has much more mobility with her left hand; that

she feels what she is holding with that hand (Tr. 46, 48); and that she was very ambidextrous so that she had to go back to learning how to do everything with her left hand (Tr. 55). As the Commissioner points out (Doc. 23, p. 5), the plaintiff said that she had numbness in her fourth and fifth fingers on her left hand, but did not say that she had decreased strength in those fingers. But even with that allegation of numbness, she acknowledged that she can feel what she is holding in her left hand. This testimony does not establish that the plaintiff has a severe impairment of her left hand, especially since no doctor has diagnosed a left hand impairment.

The regulations define a nonsevere impairment as one that "does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. 404.1521(a), 416.921(a). The plaintiff points out that the court of appeals has stated that "an impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). The law judge expressly recognized this standard (Tr. 20).

Significantly, the plaintiff cannot prevail on this issue simply by showing that the law judge should have characterized her left hand numbness as a severe impairment. The Eleventh Circuit has held that "step [two] acts as a filter; ... the finding of any severe impairment ... is enough to satisfy the requirement of step two." Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987). Because the law judge found that the plaintiff has severe impairments, he did not stop prematurely at step two, but proceeded on to the following steps in the sequential analysis. See Maziarz v. Secretary of Health & Human Services, 837 F.2d 240, 244 (6th Cir. 1987).

Consequently, in order to demonstrate reversible error based upon a mistake regarding the severity of her left hand impairment, the plaintiff must show that she had functional limitations from her condition that were not included in the law judge's determination of the plaintiff's residual functional capacity. In this respect, "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work." Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005), quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In

other words, it is the functional limitations that determine disability. Moore v. Barnhart, 405 F.3d 1208, 1213 n. 6 (11th Cir. 2005); McCruter v. Bowen, supra. In this case, as indicated, no doctor has even diagnosed an impairment of the left hand, and obviously no doctor has assessed functional limitations from such a condition. Consequently, there is no basis for finding that the plaintiff's left hand condition is a severe impairment.

The record contains additional evidence supporting this conclusion. Thus, the plaintiff submitted a Function Report on January 29, 2008, which stated that she only has one arm and hand that works (Tr. 177). Similarly, she told an examining psychologist that she could not work due to the limited use of her right hand and arm (Tr. 333). In addition, the law judge considered that the plaintiff "carried a large purse on her left shoulder into the hearing, placed it on the floor with her left hand, and picked it up with her left hand without any apparent difficulty when she departed at the end of the hearing" (Tr. 27).

Unquestionably, the law judge implicitly rejected the notion that the left hand condition was a severe impairment. Significantly, the law judge recognized in his decision the claim of left hand and arm numbness (Tr. 26).

Thus, the law judge did not overlook the allegation. Rather, he rejected the claim because there was no evidence to support it.

In this respect, it is appropriate to point out that the law judge found that the plaintiff's statements were not credible to the extent that they were inconsistent with the residual functional capacity assessment (Tr. 27-28). Since there was nothing in the assessment regarding a functional limitation from a left hand condition, the law judge clearly found that any claim of a functional limitation, and thus a severe impairment, from the plaintiff's left arm and hand numbness was not credible. In fact, the evidence in the record of such a condition is so meager that it could not reasonably be expected to produce the plaintiff's alleged symptoms. Therefore, under the well-established pain standard, which the law judge set forth and applied (Tr. 23), the law judge did not have to make a credibility determination of that condition. However, he implicitly did so, and the plaintiff has not meaningfully challenged that determination.

For these reasons, the law judge did not err because he did not find the plaintiff's left arm and hand numbness to be a severe impairment.

The plaintiff also contends, in a cursory manner, that "despite the decision's mention of [her headaches] ..., there is no finding regarding severity at the second step of the sequential evaluation" (Doc. 22, p. 8). In this regard, the plaintiff argues that her allegations of headaches are supported by Dr. Antonio Castellvi's treatment notes, which indicate that the plaintiff was treated for complaints of "neck pain with headaches" (id.; Tr. 273, 350). Significantly, the law judge discussed Dr. Castellvi's findings at length (Tr. 26-27). Thus, the law judge stated, in pertinent part (id.):

> On claimant's April 8, 2008, follow-up visit with Dr. Castellvi, she reported the additional symptoms of worsening pain, headaches, and that she could not move her right arm. Dr. Castellvi diagnosed the claimant as having spinal stenosis in the cervical region. He did not order further studies at that time; however, he opined that he would get Dr. Mighell, an orthopedic surgeon, to see the claimant. Additionally, he again noted that the claimant could return to activity as tolerated (Exhibit 9F, pages 1 to 3).

Importantly, Dr. Castellvi did not opine that the plaintiff has any functional limitations as a result of her headaches and neither did any other doctor.

Moreover, at the administrative hearing, the plaintiff testified that she has not asked her doctors for medication to manage her headaches

because she does not "want to take anything else" (Tr. 60-61). The law judge, therefore, could reasonably infer that the plaintiff's headaches are not a severe impairment.

The plaintiff also asserts that her limitations of motion of the neck are mentioned in the decision, but not completely enough (Doc. 22, p. 8). However, the law judge found that the plaintiff's neck problem was a severe impairment. Accordingly, he imposed functional limitations as a result of that condition. Moreover, he explained those limitations (Tr. 29).

The plaintiff apparently asserts that the law judge should have imposed a limitation on vertical motion (Doc. 22, p. 8). However, the plaintiff cites no evidence supporting such a limitation (id.). The scheduling Order required the plaintiff to support any challenges to the law judge's decision with "citations to the record of the pertinent facts" (Doc. 13, p. 2). The plaintiff has not identified any record evidence demonstrating a limitation on vertical motion. Consequently, the plaintiff has failed to show that the law judge erred because he did not include a limitation on vertical motion in his residual functional capacity finding. Of course, in order to

prevail, the plaintiff must point to evidence that compels a finding that the plaintiff had such a limitation. <u>Adefemi</u> v. <u>Ashcroft</u>, <u>supra</u>.

In sum, the plaintiff argues that the law judge did not adequately consider three impairments. For the foregoing reasons, that argument fails as to each of them.

This conclusion, moreover, defeats any contention that the law judge disregarded valid vocational testimony. The plaintiff stated such an issue (Doc. 22, p. 2), but never developed it. Regardless, that issue lacks merit.

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." <u>Ingram</u> v. <u>Commissioner of Social Security Admin.</u>, 496 F.3d 1253, 1270 (11th Cir. 2007), <u>quoting</u> <u>Wilson</u> v. <u>Barnhart</u>, 284 F.3d 1219, 1227 (11th Cir. 2002). However, the administrative law judge is not required to include restrictions in the hypothetical question that he properly finds are unsupported. <u>Crawford</u> v. <u>Commissioner of Social Security</u>, 363 F.3d 1155, 1161 (11th Cir. 2004).

In this case, the plaintiff failed in her attempt to show that the law judge should have included in the residual functional capacity finding additional limitations from the three impairments. Consequently, the law judge's finding stands, and the residual functional capacity finding matches the hypothetical question to the vocational expert that elicited the response accepted by the law judge that the plaintiff could return to past work as an accounting clerk (Tr. 64-65). In other words, the operative hypothetical question to the vocational expert contains all of the functional limitations that the law judge found supported and credible. He was not required to include in the pertinent hypothetical question limitations that he did not accept. Accordingly, the law judge did not err with respect to the hypothetical question.

The plaintiff also complains that the law judge engaged in "sit and squirm" jurisprudence. In this respect, she objects to the law judge considering that the plaintiff sat at the hearing for sixty-four minutes (Tr. 24), which contradicts her testimony that she can only sit for twenty minutes (Tr. 56). The plaintiff also takes issue with the law judge's statement that he

observed the plaintiff handling a large purse with her left hand (Doc. 22, p. 8).

The law judge is not prohibited "from considering the claimant's appearance and demeanor during the hearing," as long as he does "not reject the objective medical evidence and claimant's testimony solely upon his observation during the hearing." Norris v. Heckler, 760 F.2d 1154, 1158 (11th Cir. 1985). In view of the extended discussion of the other evidence in this case, the law judge's brief mention of the plaintiff's actions at the hearing does not constitute "sit and squirm jurisprudence." After all, the law judge is the fact-finder, and, like other fact-finders, he can properly take into account his observations of a witness' behavior and demeanor.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE the case.

DONE and ORDERED at Tampa, Florida, this 10th day of September, 2012.

/s/ Thomas G. Wilson
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE